IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 17–cv–00756–KMT

THU NGOC LUONG, A058-679-176,

      Plaintiff,

v.

KRISTI BARROWS, DISTRICT DIRECTOR OF BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICES, and
THE BUREAU U.S. CITIZENSHIP AND IMMIGRATION SERVICES,

      Defendants.

---

## ORDER

---

    This case comes before the court on Defendants' "Motion to Dismiss for Failure to State

a Claim" under Fed. R. Civ. P. 12(b)(6)." (Doc. No. 24). Plaintiff filed her response on

September 1, 2017 (Doc. No. 26 [Resp.]), and Defendants filed their reply on September 1, 2017

(Doc. No. 28 [Reply]).

## INTRODUCTION

    The case concerns the adjudication of a naturalization application by the United States

Citizenship and Immigration Services ("USCIS")—specifically, judicial review of the denial of

Plaintiff's application for naturalization, pursuant to section 310(c) of the Immigration and

Nationality Act ("INA"). 8 U.S.C. § 1421(c).

    On October 26, 2015, Plaintiff filed an application for naturalization ("INS Form N-400")

applying to become a U.S. citizen. (*See* Petition [Pet.] ¶1.)   On July 15, 2016, USCIS denied

Plaintiff's application for naturalization on the grounds that she lacks "good moral character." *Id.* That denial was based solely on a criminal conviction she sustained on May 14, 2011.

On October 11, 2016, Plaintiff appeared for an interview before USCIS pursuant to 8 C.F.R. §336. Subsequently, on March 14, 2017, USCIS issued a final decision denying Plaintiff's application for naturalization for lack of good moral character.

The parties do not dispute that Plaintiff has properly exhausted all administrative remedies.

## STANDARD OF REVIEW

### A. *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint warrants dismissal if it fails "*in toto* to render [plaintiff's] entitlement to relief plausible." *Twombly*, 550 U.S. at 569 n.14.

Notwithstanding this, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir.

1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation omitted).

**B. Administrative Review under 8 U.S.C. §1101(f) and 8 U.S.C. § 1101(f)**

The INA and its corresponding regulations govern the naturalization process. Among many principles, this body of law provides that "no alien has the slightest right to naturalization" unless all statutory requirements are met. *Fedorenko v. United States*, 449 U.S. 490, 506 (1981) quoting *United States v. Ginsberg*, 243 U.S. 472, 475 (1917).

A naturalization applicant bears the burden of showing her eligibility and compliance with all naturalization requirements. *Berenyi v. Dist. Dir., INS*, 385 U.S. 630, 637 (1967); 8 C.F.R. § 316.2(b). Any doubts about eligibility should be resolved in favor of the United States and against the applicant. *Id.; see also United States v. Manzi*, 276 U.S. 463, 467 (1928). To obtain the privilege of naturalization, an applicant must affirmatively establish good moral character. 8 U.S.C. §1427(a)(3); 8 C.F.R. §316.2(b)).

Good moral character is not defined in the INA; however, 8 U.S.C. §1101(f) provides guidance of various classes of persons who *per se* lack good moral character. *See* 8 U.S.C. § 1101(f). Even if a person does not fit within one of the enumerated classes, that does "not preclude a finding that for other reasons such person is or was not of good moral character." *Id.* Indeed, if a person does not fall within an enumerated class, she must nevertheless be found, in

the absence of "extenuating circumstances," to "lack good moral character if" she "[c]ommitted unlawful acts that adversely reflect upon [her] moral character, or [she] was convicted or imprisoned for such acts." 8 C.F.R. § 316.10(b)(3)(iii). This determination must be made "on a case-by-case basis taking into account the ... standards of the average citizen in the community of residence." *Id.* § 316.10(a)(2). Further, even if the person's conduct does not qualify as a crime involving moral turpitude, she may still be found to lack good moral character. *See* 8 C.F.R. § 316.10(b)(3)(iii); *see United States v. Hsu*, 695 F. App'x 393, 396 (10th Cir. 2017)

Critically, a court reviews the administrative decision to deny naturalization de novo. The Tenth Circuit has stated that this grant of authority—to review an administrative decision—is "unusual in . . . scope [because] rarely does a district court review an agency decision de novo and make its own findings of fact." *Nagahi v. INS*, 219 F.3d 1166, 1169 (10th Cir. 2000; *Abghari v. Gonzales*, 596 F. Supp.2d 1336, 1342-43 (C.D. Cal. 2009) ("8 U.S.C. § 1421(c) represents a narrow and rather unique grant of jurisdiction to conduct de novo review of USCIS decisions"); *Mobin v. Taylor*, 598 F. Supp. 2d 777 (E.D. Va. 2009) (de novo review is not deferential, and noting that judicial review in other immigration contexts, such as removal or asylum, is highly deferential and expressly limited by statute).

## ANALYSIS

Defendant contends that Plaintiff's pleadings do not meet the requisite standard under Fed .R. Civ. P. 12(b)(6). Among other deficiencies, Defendant argues that the petition does not explain why USCIS was "factually and legally incorrect" in denying Plaintiff's application. Pet. ¶ 11.

Plaintiff counters that (1) Defendant's motion to dismiss is premature as it takes place before Plaintiff has had an opportunity to fully brief her claim; (2) she does not meet the definition of an "unlawful" act for the purposes of good moral character analysis under 8 CFR 316.10(b)(3)(iii); and (3) because the sole conviction of Plaintiff falls outside the relevant five year naturalization period, Plaintiff contends that the conviction should not form part of the good moral character analysis. *See generally* Resp. at 2-9. [1]

The Court holds in favor of Defendant's position that the suit be dismissed. But cognizant of Plaintiff's arguments—and mindful that this case has had a turgid procedural history (caused by the de novo standard)[2]—Plaintiff will be afforded another chance to re-file an amended complaint. Thus, the case is dismissed *without* prejudice.

---

[1] Plaintiff's third argument is a non-starter. As Defendant rightly points out, in the event that Plaintiff filed an Application for Naturalization at any point in the future, her unlawful acts would not fall within the five-year statutory period. *See* 8 U.S.C. § 1427(a). Although the law permits a court to consider conduct and events prior to the statutory period which have a bearing on the question of good moral character within the statutory period, Defendant expressly states on page 6 of its motion that it "does not take the view that [Plaintiff's] unlawful act(s) of May 14, 2011 would, by itself, render her ineligible to naturalize in the event that she filed a new Application for Naturalization." *See e.g. Khamooshpour v. Holder*, 781 F. Supp. 2d 888, 894 (D. Ariz. 2011). Therefore, before Plaintiff re-files any amended complaint (incorporating a petition for relief), there may be utility in the parties meeting to discuss whether Plaintiff will be filing a fresh N-400 form.

[2] Because the grant of power to review a naturalization decision is so unique, the procedural record in this case has been stilted. Plaintiff correctly, at least in form, designated the case as an Administrative Procedure Act ("AP case"). (*See* Doc No.1-1, Civil Cover Sheet.) But because the de novo standard applies, Judge Daniel subsequently granted Defendant's motion to remove the case from the AP docket—meaning the Federal Rules of Procedure and the Federal Rules of Evidence are applicable. It is worth noting that because these bodies of law now apply, Plaintiff's leave to re-file a petition should be, instead, leave to re-file a complaint. The filing of a complaint (rather than a petition) is consistent with how other cases in other districts have procedurally dealt with naturalization cases of this kind. *See e.g., Mobin v. Taylor*, 598 F. Supp. 2d 777 (E.D. Va. 2009) (complaint filed instead of petition to initiate proceedings).

For the record, several reasons militate in favor of dismissal without prejudice. *First*, while the procedural safeguards that underscore Rule 12(b)(6) disposition strongly favor a non-moving party, the Court is concerned that Plaintiff's pleadings (in the petition) are threadbare and conclusory. Paragraph 11 is illustrative—alleging: "The finding that Ms. Luong lacks good moral character was based solely on the fact of the conviction in July 24, 2012. The conclusion that Plaintiff lacks good moral character is factually and legally incorrect." Pet. at ¶ 11.

Granted, one of Plaintiff's arguments involves a pure question of law—*i.e.*, the scope and meaning of "unlawful act" under 8 CFR 316.10(b)(3)(iii)—but in arguing that the INS was "factually . . . incorrect," Plaintiff must provide more factual content in future pleadings to support the relief she seeks. Indeed, Plaintiff should plead those facts (if proven true) that would affirmatively support a claim for naturalization. Without such facts, it is difficult for Defendant to appreciate the case against it because Plaintiff is merely putting her case in a way that is conclusory—"stop[ping] short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S at 678.

*Second*, Defendant contends that if Plaintiff seeks to argue a position predicated on extenuating circumstances, she must provide more factual allegations than just cultural upbringing since good moral character determinations are based on "standards of the average citizen in the community of residence." *United States v. Hsu*, 695 F. App'x 393, 396 (10th Cir. 2017) (quoting 8 CFR 316.10(b)(2)). While the analysis does not preclude cultural sensitivities altogether, the community of residence standard should be viewed through a local lens—not child rearing standards in Vietnam. *Cf. Khamooshpour*, 781 F. Supp. 2d at 897.

*Third*, Plaintiff, in part, seeks to rely upon the administrative record to bolster the factual content of the petition. Pet. at ¶ 15 ("The evidence in the record establishes that Ms. Luong is a person of good moral character, and under the law she is entitled to have her application for naturalization approved."). Although a court can consider "documents referred to in the complaint [yet separate to the complaint]," those documents must in fact be part of the federal court record. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). Here, the fact that the administrative record is still to be filed in this case undercuts Plaintiff's reliance on same.[3] As such, because Plaintiff relies on the record to establish that Plaintiff is a person of good moral character, the Court sees no reason why parties should not take steps to ensure that it is filed, accordingly.

## CONCLUSION

In sum, the pleadings in the petition do not pass Rule 12(b)(6) muster. However, since the Court finds that the petition should be dismissed without prejudice, it need not address the substantive arguments that the parties raise in briefing at this time. The Court expresses no opinion as to these arguments and neither party should take the Court's silence as tacit approval or disapproval of how the arguments will be considered in future settings.

**WHEREFORE**, for the foregoing reasons, this court ORDERS and DIRECTS as follows:

1. Defendant's Motion to Dismiss (Doc. No. 24) be GRANTED (without prejudice)**.**

2. By no later than March 23, 2018, Defendant is to file a copy of the administrative record with the Court.

---

[3] Among other reasons, the fact that this case is no longer designated in the AP docket could have been a factor as to why the administrative record was not filed with the court.

3. By no later than April 6, 2018 Plaintiff shall send a copy of any proposed amended complaint to Defendant. The Parties are then to arrange a mutually convenient time to discuss any objections before filing same.

4. By no later than April 20, 2018 the Plaintiff may file an amended complaint.

Dated this 9th day of March, 2018.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge